UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAMON HERNANDEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-4392** |
| **EXTERIOR WALLS, INC. ET AL** | **SECTION: "H"(3)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Certify Class (Doc. 17). For the following reasons, Plaintiff's motion is **GRANTED IN PART** and **DEFERRED IN PART.**

### BACKGROUND

Plaintiff alleges that he is a former employee of Defendant Exterior Walls, Inc. ("Exterior Walls"). Plaintiff filed this lawsuit on September 14, 2015, on his behalf and on the behalf of other similarly situated employees. Plaintiff seeks a collective action under the Fair Labor Standards Act ("FLSA"),

1

alleging that Exterior Walls failed to pay overtime. Plaintiff states that this practice was companywide and not limited to himself.

Plaintiff asks the Court to conditionally certify a class to proceed as a collective action. Plaintiff seeks certification of a class including:

> All individuals who worked or are working for Defendant Exterior Walls, Inc., that performed manual labor, from February 2013 until the date of the resolution of the present action and who are or were eligible for overtime pursuant to the FLSA, 29 U.S.C. § 207 and who were not payed the federally required overtime rate of pay.[1]

In addition to certification, Plaintiff requests: (1) approval of Plaintiff's proposed written notice to all potential collective action members; (2) an order requiring defendant to produce names and addresses of all potential collective action members within two weeks of the signing of the order for notice purposes; and (3) authorization to send their proposed notice to potential collective action plaintiffs.

## LEGAL STANDARD

The FLSA allows one or more employees to pursue an action in a representative capacity for "other employees similarly situated."[2] A collective action affords plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources."[3] Efficient resolution in one proceeding of

---

[1] Doc. 17-4
[2] 29 U.S.C. § 216(b).
[3] *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

common issues of law and fact benefits the judicial system.[4] The FLSA does not define what it means for employees to be "similarly situated."

Courts have utilized two methods for determining whether plaintiffs are similarly situated.[5] The Fifth Circuit has not determined whether either approach is required; however, the Eastern District of Louisiana has consistently applied the approach first articulated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[6] This approach uses a two-step analysis. First, at the "notice stage," the court determines whether notice should be given to potential members of the collective action, "usually based only on the pleadings and any affidavits."[7] Because the court has little evidence at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[8]

Although the standard for certification at the notice stage is lenient, courts generally require "at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination."[9] "Courts determining whether plaintiffs have submitted substantial allegations of a single plan have looked to 'whether

---

[4] *Id.*

[5] *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 (2003).

[6] *See, e.g.*, *Xavier v. Belfor USA Group, Inc.*, 585 F. Supp. 2d 873, 876 (E.D. La. 2008); *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 569 (E.D. La. 2008); *Smith v. Offshore Specialty Fabricators, Inc.*, 09–2985, 2009 WL 2046159, at *2 (E.D. La. July 13, 2009).

[7] *Mooney*, 54 F.3d at 1213–14.

[8] *Id.* at 1214.

[9] *Smith*, 2009 WL 2046159, at *2 (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted.'"[10] If the Court grants conditional certification, the case proceeds as a collective action through discovery.[11]

After discovery, the defendant may move for decertification.[12] At that point, the court decides, with the benefit of considerably more information, whether the employees are similarly situated.[13] At this time, the court makes a factual inquiry into whether plaintiffs are similarly situated.[14] *Lusardi* applies a three-factor test to determine whether plaintiffs and potential members of the collective action are similarly situated. Courts consider: "(1) the extent to which the employment settings of employees are similar or disparate, (2) the extent to which any defenses that an employer might have are common or individuated; and (3) general fairness and procedural considerations."[15]

## LAW AND ANALYSIS

### I. Conditional Certification of Collective Action

Plaintiff's Motion first seeks conditional certification of this action as a collective action. Defendants respond, arguing that (1) they are not Plaintiff's employer (2) that Plaintiff has submitted insufficient evidence in support of his

---

[10] *Id.*
[11] *Mooney*, 54 F.3d at 1213–14.
[12] *Id.*
[13] *Id.*
[14] *Xavier*, 585 F.Supp.2d at 878.
[15] *Johnson*, 561 F. Supp. 2d at 573.

4

allegations of substantially similar employees, and (3) that, should certification be granted, it should be limited to persons employed on the Drury Inn site. The Court will address each of these arguments in turn.

### A. Whether Defendants are Plaintiff's Employer

Defendants contends that this action should not be certified because it did not act as Plaintiff's employer. This argument ignores governing standard regarding conditional class certification at this stage of the proceedings. Typically, the Court must defer to the pleadings and any affidavits in making its decision.[16] Plaintiff has submitted an affidavit stating that he was hired by Ivan Moreno to work for Defendant Exterior Walls, Inc. He states that he filled out employment paperwork for Exterior Walls and received paychecks bearing Exterior Wall's name. Additionally, Plaintiff has submitted the affidavit of potential opt-in plaintiff Juan Cuevar, who likewise states that he was hired by Mr. Moreno to work as an employee for Exterior Walls, Inc. Accordingly, the Court finds that Plaintiff has sufficiently alleged an employer-employee relationship at this stage of the proceedings. Resolution of questions regarding Plaintiff's employment status is premature. "Although courts have later decertified actions because of employment relationship questions, this does not alter the present burden at the conditional certification stage considered here."[17]

---

[16] *Mooney*, 54 F.3d at 1213–14.
[17] *Lang v. DirecTV, Inc.*,. 10-1085 G (1), 2011 WL 6934607, at *3 (E.D. La. Dec. 30, 2011) (citations omitted).

### B. Sufficiency of Class Allegations

Defendants next argue that the Court should deny conditional certification because Plaintiff has submitted insufficient evidence in support of his allegations of substantially similar employees.  This Court disagrees.  Based on the pleadings and affidavit in this case, Plaintiff has sufficiently alleged that he and any potential opt-in plaintiffs were "victims of a single decision, policy, or plan" and have shown that "at least a few" similarly situated individuals exist.  Plaintiff's Complaint alleges that the Defendants, Exterior Walls and Carlos Moreno, did not pay an overtime pay rate for overtime hours routinely worked.[18]  Plaintiff also alleges that this pay scheme affected all of the Defendants' construction workers.[19]  Additionally, Plaintiff has submitted both his affidavit and the affidavit of potential opt-in plaintiff Juan Cuevar in support of these allegations.  Both Plaintiff and Cuevar state that Defendants routinely required them to work overtime and did not compensate them at the required overtime pay rate.[20]  Plaintiff also states that he knew of other employees who worked overtime hours and were not payed the overtime rate of pay.[21]  Taken together, Plaintiff's pleadings and affidavits sufficiently allege that Defendants had a routine practice of not paying their construction workers overtime salary pay rates for overtime hours worked.  Accordingly, it

---

[18] Doc. 1 at 4.
[19] *Id.* at 5.
[20] Doc. 17-2 at 2.
[21] *Id.*

is appropriate for the Court to grant conditional certification to proceed as a collective action.

### C. Limitation of Certification to the Drury Inn Site

Defendants finally ask the Court to limit any potential class certification to employees working at the Drury Inn site. At this stage, however, Plaintiff alleges that FLSA violations extend to all of Exterior Wall's work sites. Exterior Walls has presented no evidence to counter this assertion. Accordingly, the Court declines to limit class certification to one work site.

For the foregoing reasons, the Court finds that Plaintiff's allegations are sufficient to warrant conditional certification of the requested class.

## II. Notice

Plaintiff next asks the Court to approve their proposed notice to potential class members. Defendants raise objections to Plaintiff's proposed notice. Section 216(b) imparts the district court with discretionary authority to facilitate notice to potential plaintiffs.[22] When considering the content of the notice, courts often find that these issues are best resolved by mutual agreement of the parties.[23] Accordingly, the parties are directed to meet and confer regarding the proposed notice and attempt to resolve these disputes in good faith as ordered below.

---

[22] *Lima*, 493 F. Supp. 2d at 800 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

[23] *See, e.g., Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734, at *6 (E.D. La. Aug. 10, 2015).; *Perkins v. Manson Gulf, L.L.C.*, No. 14-2199, 2015 WL 771531, at *5 (E.D. La. Feb. 23, 2015).

## III. Notice Period

Plaintiff requests an opt-in period of 90 days, citing the difficulty in locating many of the potential opt-in plaintiffs, many of whom are non-English speaking. Defendant opposes, averring that a 60-day notice period is more appropriate. This Court finds that a 90-day period is appropriate given the nature of this action. Indeed, other sections of this Court have likewise allowed for 90-day opt-in period in similar situations.[24] Accordingly, potential class member may opt in to this collective action if: (1) they have mailed, faxed, or emailed their consent form to counsel for the class within 90 days after the notice and consent forms have been mailed out to the class; or (2) they show good cause for any delay.

## CONCLUSION

Plaintiff's Complaint is conditionally certified to proceed as a collective action, defining the following class:

> All individuals who worked or are working for Defendant Exterior Walls, Inc., that performed manual labor, from February 2013 until the date of the resolution of the present action and who are or were eligible for overtime pursuant to the FLSA, 29 U.S.C. § 207 and who were not payed the federally required overtime rate of pay.

---

[24] *See, e.g., Lopez v. Hal Collums Consturction, LLC*, No. 15-4113, 2015 WL 7302243, at * 7 (E.D. La. 2015); *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 804 (E.D. La. 2007).

8

Defendants shall provide Plaintiff with the names and current or last known addresses of potential collective action plaintiffs within twenty days of the filing of this Order.

Parties shall meet and confer upon the notice and consent form to potential opt-in plaintiffs. Within twenty days of the entry of this order and prior to distributing notice to potential opt-in plaintiffs, the parties shall submit a joint proposed notice to the Court along with an appropriate Motion for the adoption of such notice. If the parties are unable to agree on a joint proposed notice, Plaintiffs and Defendants shall each submit their proposal to the Court within twenty days of this Order.

New Orleans, Louisiana this 22nd day of June, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**