# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement is entered into by and between Ramon Hernandez, Juan Cuevar, and Hernan Lopez (collectively "Named Plaintiffs"), on behalf of themselves, their agents, representatives, assigns, heirs, executors, beneficiaries, trustees, and the "Participating Settlement Class" as defined below; and Defendants Exterior Walls, Inc. and Carlos Moreno, on behalf of themselves, their agents, affiliates, directors, officers, employees, and attorneys (collectively "Defendants"). Named Plaintiffs, Defendants, and the Participating Settlement Class are referred to herein as the "Parties." This Settlement Agreement is intended to fully and finally release, resolve, discharge, and settle the released claims subject to the terms and conditions set forth in this Settlement Agreement. The Parties seek dismissal of the case currently pending in the Eastern District of Louisiana under Case No. 2:15-cv-04392-JTM-DEK (the "Litigation") in its entirety with prejudice following the Court's approval of this Settlement Agreement. Accordingly, in consideration of the mutual promises set forth below, the Parties agree as follows:

A. **Definitions**

  1. "Applicable Period" is defined as three years prior to the date that the Court granted conditional certification of this matter as a collective action.

  2. "Effective Date" means the first date on which *all* of the following conditions have been satisfied:

     a. Execution of this Settlement Agreement by Named Plaintiffs and Defendants;

     b. Expiration of the Notice Period as defined in the Notice of Settlement; and

     c. Entry of a final order by the Court approving this Settlement Agreement.

  3. "Notice Period" refers to the time period of thirty days from the first mailing date postmarked on the first Notice of Settlement.

  4. "Participating Settlement Class Members" are those individuals who submit a timely and valid Claim Form within the Notice Period, in the manner described by and in compliance with the terms of this Settlement Agreement.

  5. "Potential Settlement Class Members" are all individuals meeting the definition provided in Section B(2) provided below.

  6. "Net Settlement Fund" shall mean the Settlement Amount less all Payroll Taxes, and Employer Payroll Taxes due on the Overtime Benefits, less Named Plaintiffs' awards, and less all Attorneys' Fees and Costs.

B. **Class Members and Counsel**

1. Solely for settlement purposes, Named Plaintiffs agree to seek, and Defendants consent to, certification by the Court of the Potential Settlement Class as a collective action pursuant to 29 U.S.C. § 216(b).

2. The Potential Settlement Class Members consist of the following individuals:

    a. All individuals who, during the Applicable Period, were hired by Advanced Building Management to perform manual labor for Defendant Exterior Walls, Inc., at the Drury Inn jobsite and who were eligible for overtime compensation pursuant to the FLSA, 29 U.S.C. § 207, but were not paid the required overtime rate for all hours worked beyond 40 in a workweek.

    b. The attorneys representing the Settlement Class in this Litigation ("Class Counsel") are as follows: The Costales Law Offices, Roberto Costales (#33696), Emily A. Westermeier (#36294), 3801 Canal Street, Suite 207, New Orleans, LA 70119; William Beaumont Law, William H. Beaumont (#33005), 3801 Canal Street, Suite 207, New Orleans, LA 70119.

3. The Parties have ascertained the class and it consists of 33 individuals.

C. **Claims and Settlement Fund Distribution**

1. In consideration for settlement of the Litigation and the release of claims as set forth in this agreement, Defendants agree to pay the sum of $50,000 ("Settlement Fund" or "Settlement Amount") for settlement payments, attorneys' fees and costs, and taxes, to be allocated to Class Counsel, the Named Plaintiffs, Participating Settlement Class Members, and payroll taxes. The Settlement Fund is the maximum amount Defendants are required to pay for any and all purposes under this Settlement Agreement and in connection with the termination of the Litigation except as otherwise provided for in this Settlement Agreement.

2. By virtue of this Agreement, Named Plaintiffs are hereby deemed not to be Participating Settlement Class Members. Named Plaintiffs will each receive an award of $2,500 from the Net Settlement Fund in full satisfaction of their claims. Additionally, Ramon Hernandez will receive a service award of $2,500 for his efforts as the lead plaintiff in this case.

3. To become a Participating Settlement Class Member and be entitled to receive a portion of the Settlement Fund pursuant to this Settlement Agreement, other individuals who are Potential Settlement Class Members (who are not Named Plaintiffs) must submit a Claim Form to Plaintiffs' Counsel, which must be postmarked before the expiration of the Notice Period and addressed to Plaintiffs' Counsel at the address indicated on the Claims Form.

      a. To be valid, a Claim Form must be completed in full and signed without any deletion or amendment of the release language and without any deletion or amendment of any other portion of the Claim Form. Class Counsel will notify any Settlement Class Members if it receives a Claim Form from them that is not timely and/or valid.

4. The Claim Form shall be in the form of a declaration setting forth: (i) name; (ii) current mailing address; and (iii) an averment that the claimant performed manual labor for Advanced Building Management while supervised by Exterior Walls, Inc. at the Drury Inn jobsite during the Applicable Period. The Claim Form shall contain language expressly confirming that submitting the form serves as a Consent to Join as a party plaintiff to the FLSA claims asserted in the Complaint pursuant to 29 U.S.C. § 216(b) and authorizes Class Counsel to file the Consent to Join with the Court for settlement purposes only and such consents will be deemed immediately cancelled in the event that the Settlement Agreement is rescinded or materially modified.

## D. Calculating Settlement Payments

1. Defendants will determine the amount of the Individual Settlement Payments (as defined below) payable to each Participating Settlement Class Member.

      a. The Individual Settlement Payment is calculated for each Participating Settlement Class Member by determining that Class Member's pro rata share of the Net Settlement Fund.

      b. Defendants agree to pay Class Counsel $25,000.00 of the Settlement Amount for attorneys' fees and costs.

      c. Defendants will calculate the Individual Settlement Payments within thirty days of the close of the Notice Period. Defendants will provide a copy of their calculations, without any name identifying data, for Class Counsel and Defendants' Counsel to review. The Parties may dispute the calculations only with respect to mathematical errors or an incorrect application of the above method of allocation. Such a dispute must be raised within seven days after the Defendants provide the calculations in writing to the Parties.

      d. For tax purposes, the Settlement Payment will be treated by the Parties as additional, non-wage penalties and interest, not subject to payroll withholdings, and shall be reported on an IRS Form 1099.

           i. Defendants shall provide each Participating Settlement Class Member with a Form 1099 reflecting the non-wage damages and

     interest paid.

   ii. Participating Settlement Class Members shall be solely and exclusively responsible for remitting to state and/or federal taxing authorities any applicable other taxes due and shall hold Defendants and Class Counsel harmless for any taxes, penalties, interest, liabilities, costs and expenses caused by any such taxing authority relating in any way to the Participating Settlement Class Members' tax treatment of payments made to them pursuant to this Settlement Agreement or failure to timely or properly pay any taxes owed on their respective Settlement Payments.

 e. Any checks issued to Participating Settlement Class Members shall remain valid and negotiable for sixty days from the date of their mailing. Within seven business days of the conclusion of the sixty-day check cashing period, Defendants shall inform the Parties regarding the status of any uncashed checks, including the amount, and the identity of the corresponding Participating Settlement Class Member with an uncashed check. Within ten business days of the conclusion of the sixty-day check cashing period, Defendants will file a declaration with the Court regarding the status of uncashed checks, including the identities of the Participating Settlement Class Members with an uncashed check.

   i. Ten business days after the check-cashing deadline, Defendants shall void any Participating Settlement Class Member's check that was not cashed and remit the funds to the appropriate state authorities.

E. **Preparation and Mailing of Notice to the Class**

 1. Within seven days of entry of the Order Granting Approval of Settlement, Defendants shall provide Class Counsel with the following information for the Settlement Class Members in the form of an Excel spreadsheet or similar sortable electronic format: names and last-known mailing addresses based upon the payroll records of Advanced Building Management. The data provided to Class Counsel will remain confidential and will not be disclosed to anyone, except as required to applicable tax authorities, pursuant to the express written consent of any of the Defendants, or by order of the Court.

 2. The Notice of Collective Action Settlement ("Notice of Settlement") attached as Exhibit A shall be sent by Class Counsel to the Settlement Class Members, by First Class Mail, in English and Spanish to those addresses provided, as soon as practicable but in any event within seven days after receipt of their contact information from Defendants. The Notice of Settlement will set forth a brief description of the Litigation, provide the definition of the class, and inform

Potential Settlement Class Members of their right to opt-in to the class by completing and returning the enclosed Claim Form. The Notice will set forth contact numbers for Class Counsel and counsel for Defendants.

F. **Funding of Settlement Fund and Distribution of Payments**

1. Defendants will pay the Named Plaintiffs within 30 days of the Court's Approval of the Settlement.

2. Defendants will pay all claims of Potential Settlement Class Members and Class Counsel's attorneys' fees within 30 calendar days after the Effective Date.

3. Defendants and Class Counsel specifically include payment of Class Counsel's attorneys' fees and costs as provided by the FLSA among the consideration for settling this matter and in exchange for the release of all claims as set forth in this Settlement Agreement. All claims for attorneys' fees and costs or expenses that Class Counsel, Named Plaintiffs, and the Participating Settlement Class Members may possess against Defendants have been compromised and resolved in this Settlement Agreement.

G. **Court Approval of Settlement**

1. Once finalized, the Parties shall promptly submit this Settlement Agreement to the United States District Court for the Eastern District of Louisiana for approval and determination by the Court of its fairness, adequacy, and reasonableness.

    a. Should the Court deny the Parties' Motion for Approval, the Parties agree to attempt to resolve the Court's concerns amicably. If the Parties are unable to agree to a modification of the terms that is capable of winning the Court's approval, this Settlement Agreement shall be deemed null and void.

2. The Parties shall file a Joint Motion to Dismiss within seven days of all of the following events being complete:

    a. the Court's approval of this Settlement Agreement
    b. payment to the Named Plaintiffs as described herein;
    c. payment to Potential Settlement Class Members as described herein; and
    d. payment to Class Counsel as described herein.

H. **Release of Claims**

1. By entering into this Settlement Agreement, Defendants do not admit any underlying liability or any underlying liability of their directors, officers, partners, supervisors, employees, representatives, successors, assigns, affiliates, or insurers

to Plaintiff. Defendants simply wish to resolve the pending claims to avoid the distraction and cost of litigation.

2. Upon the Effective Date, all Participating Settlement Class Members shall be deemed to fully, forever, irrevocably, and unconditionally release Defendants and Advanced Building Management of Orlando, Inc. from any and all claims, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, liquidated damages, actions or causes of action, whether known or unknown, contingent or accrued, against Defendants or Advanced Building Management of Orlando, Inc. based upon violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, regarding events that occurred or are alleged to have occurred during the alleged employment of any Named Plaintiff or Participating Settlement Class Member.

I. **Covenants**

1. Named Plaintiffs and Participating Settlement Class Members represent that they have not sold, transferred, or assigned to a third party any claims that they may have. Named Plaintiffs and Participating Settlement Class Members represent that any claims they may have are unencumbered and otherwise within their power to dispose of.

2. This Settlement Agreement shall not be orally amended, modified, or changed. No change, amendment, or modification to the terms of this Settlement Agreement shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the Parties that has been signed by Defendants and the Named Plaintiffs.

3. It is agreed by the Parties that the Settlement Agreement may be executed on behalf of the Participating Settlement Class Members by Class Counsel and the Named Plaintiffs and shall have the same force and effect as if executed by each member of the Participating Settlement Class.

4. The Parties jointly warrant that this is a fair, reasonable, and adequate settlement and have arrived at this settlement through arms-length negotiations, taking into account all relevant factors, present and potential.

5. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Settlement Agreement, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

6. Should any provision of this Settlement Agreement be declared or be determined by any court to be illegal or invalid, the remaining parts, terms, or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision

which is determined to be illegal or invalid shall be deemed not to be a part of this Settlement Agreement.

7. The Parties agree that a true copy of this Settlement Agreement may be used in any legal proceeding in place of the original and that any such true copy shall have the same effect as the original.

8. In the event of a breach of this Settlement Agreement by either party, the other party shall be entitled to seek enforcement of this Settlement Agreement before a state or federal court of competent jurisdiction located in Orleans Parish, Louisiana and the state and federal courts in Orleans Parish, Louisiana shall be deemed to have exclusive jurisdiction and venue over any litigation related to or arising from this Settlement Agreement. This Settlement Agreement shall not be construed to waive any right of removal that may apply to any action filed in state court by either party to this Settlement Agreement.

Executed at __New Orleans__ this __1__ day of __November__, 2016.
                            place                        date          month

__Victoria Latour__            __Ramon Hernandez__
WITNESS                                      RAMON HERNANDEZ

Executed at __New Orleans__ this __1__ day of __November__, 2016.

__Victoria Latour__           __Juan Cuevar__
WITNESS                                        JUAN CUEVAR

Executed at __New Orleans__ this __31__ day of __October__, 2016.

__Victoria Latour__           __Hernan Lopes__
WITNESS                                        HERNAN LOPEZ

Executed at ___Orlando FL___ this __3__ day of __11__, 2016.
                  place                date           month

___Silvia Moreno___      EXTERIOR WALLS, INC.
WITNESS                            By: x _____
                                     Title: x ___CEO___

Executed at ___Orlando FL___ this __3__ day of __11__, 2016.
                  place                date           month

___Silvia Moreno___      CARLOS MORENO
WITNESS                              By: _____
                                       Title: ___President___